**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Matthew Stevenson,

            Plaintiff,

v.

Corizon Health Incorporated, et al.,

            Defendants.

No. CV-19-00234-TUC-RM

**ORDER**

On April 25, 2019, Plaintiff—who at the time was confined in the Arizona State Prison Complex-Florence—filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application to Proceed and dismissed the Complaint for failure to state a claim. (Doc. 5.) Plaintiff filed a First Amended Complaint ("FAC") raising Eighth Amendment claims against Defendants Corizon and Unknown Utilization Management Team, alleging inadequate medical care for an enlarged prostate (Doc. 8). In a Service Order issued on September 25, 2019, the Court ordered Corizon to respond to the FAC and sent a service packet to Plaintiff for completion as to Defendant Corizon. (Doc. 10.) Although the Court found that Plaintiff stated a claim against Utilization Management Team, it did not require service on those defendants at that time because their identities had not been confirmed. (*Id.*) The Court gave Plaintiff 120 days to discover and substitute

the names of the members of Defendant Utilization Management Team and stated that it "may dismiss without prejudice Defendant Utilization Management Team if Plaintiff fails to timely file a notice of substitution, unless Plaintiff seeks and is granted an extension of time." (*Id.*)

On November 5, 2019, the United States Marshal filed a Process Receipt and Return indicating that Plaintiff's service packet had indicated "Utilization Management Team Corizon" as the name of the entity to be served, and that service was returned unexecuted because Corizon was no longer a provider of medical services at Arizona Department of Corrections, and the Utilization Management Team Corizon at ASPC-Safford, where Plaintiff was incarcerated, no longer existed. (Docs. 11, 12.)   On November 18, 2019, the Court issued a second Service Order directing the Clerk of Court to send Plaintiff a new service packet for Defendant Corizon and directing Plaintiff to complete and return the service packet. (Doc. 12.) The Order stated that a failure to provide the information necessary for the U.S. Marshal to effectuate service on Corizon could result in dismissal of this action. (*Id.*) Plaintiff was given until November 25, 2019 to serve Corizon. (*Id.*)

On December 13, 2019, Plaintiff filed a Notice re: Address notifying the Court that he had been released from prison. (Doc. 13.) On December 23, 2019, Plaintiff filed a Notice of Change of Address with his new address. (Doc. 14.) On January 14, 2020, the Court issued an Order to Show Cause why Defendant Corizon should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m). (Doc. 15.) The Order further directed Plaintiff to either pay the remaining balance of the filing fee and administrative fee or file a non-prisoner Application to Proceed in District Court Without Prepaying Fees or Costs. (*Id.*) A copy of the Order was mailed to Plaintiff but returned as undeliverable. (Doc. 17.)

On January 21, 2020, Plaintiff filed a second Notice of Change of Address. (Doc. 16.) On the same date, a copy of the Court's January 14, 2020 Order was provided to Plaintiff at the customer intake counter of the Clerk's Office.  On February 13, 2020, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees (Doc.

18) and a Motion for Extension of Time in which to serve Corizon (Doc. 19). By Order dated February 25, 2020, the Court granted the Application to Proceed and the Motion for Extension of Time, and gave Plaintiff until March 23, 2020 to serve Corizon. (Doc. 20.) Although the Court did not find good cause to extend the service deadline, it elected in its discretion to provide the extension. (*Id*.) The February 25, 2020 Order was mailed to Plaintiff but was returned as undeliverable. (Doc. 21.) No Notice of Change of Address has been filed since then and no Defendants have been served.

In detainee track cases, such as this one, a defendant must be served within the period set forth in Rule 4(m) of the Federal Rules of Civil Procedure or 60 days from the date a service order is filed, whichever is longer. LRCiv. 16.2(b)(2)(B)(ii). If a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service. *Id*.

Over nine months have elapsed since the Court's original Service Order (Doc. 10) was filed, and no Defendants have been served. Plaintiff has not located or identified the unnamed Defendant Utilization Management Team, nor does the docket reflect efforts to do so. The Court has issued two orders to show cause and has granted Plaintiff an extension of time to serve Corizon. Plaintiff has not shown cause why Defendants have not been served and has not requested any additional extensions, nor has he updated the Court with his current address.

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). It is well established that under Federal Rule of Civil Procedure 41(b), a district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute);

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court). In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve any Defendants after nine months, or to show cause or request extensions of time, prevents this case from proceeding. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh and declines to make any findings on the merits of the case. The Complaint and this action will be dismissed without prejudice and with leave to re-file pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the above-captioned action is **dismissed without prejudice**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 17th day of July, 2020.

Honorable Rosemary Márquez
United States District Judge

- 4 -